LEO FOX, ESQ. (LF-1947)
630 THIRD AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Chapter 11 Reorganization
Case No. 09-46326

-------------------------------------------------------X
IN RE:

ISACK ROSENBERG,

**AFFIDAVIT PURSUANT TO
LOCAL RULE 1007**

                          Debtor.
-------------------------------------------------------X

STATE OF NEW YORK     )
                                      ) ss.:
COUNTY OF NEW YORK )

ISACK ROSENBERG, being duly sworn deposes and says:

1.      I am the above Debtor. I make this Affidavit pursuant to Local Rule 1007.

2.      I am not a small business Debtor within the meaning of the Bankruptcy Code.

3.      Attached hereto is a list of the businesses, the description of the business they conduct and their addresses:

4.      The reasons for the Chapter 11 filing are as follows:  The Debtor filed this Chapter 11 case on July 28, 2009.  This case and the company case of Abraham Rosenberg, the Debtor's brother (Index No. 09-46327) was filed to stay a UCC sale by RCGLV Maspeth LLC, RCG Longview II, L.P., and Galster Funding, L.L.C. ("RCG" collectively) to foreclose upon the Rosenberg's equity interest in Certified Lumber Corporation (Certified), Boro Park Home Center (Boro Park)  and Waterfront Realty II, LLC (Waterfront).  These three entities are extremely valuable with a net worth far exceeding the claims alleged by RCG to be in the amount of approximately $22,000,000, amount the Debtor disputes.  Certified and Boro Park are lumber and hardware business and own valuable real estate.  The Certified and Waterfront real

estate is located by the water overlooking Manhattan, and is in the process of being rezoned for residential development which will significantly increase its value.

5.    The two project which caused the Chapter 11 filings with RCG are as follows: The first was a 87 unit luxury condominium building located at 84 and 100 Maspeth Avenue, Brooklyn, New York ("Maspeth") Maspeth was funded by a construction loan from Community Preservation Corporation for $16,500,000 and a loan for $11,300,000 from RCG (representing principal and pre-paid interest), a loan from 32nd Street Investors for $6,000,000 and a loan from NCC Capital for $1,800,000. The last two loans were funded because of delays and improvements, and were secured by the personal assets of Isack & Abraham Rosenberg, which loans were absolutely necessary to complete the project.

6.    The RCG loan was made to the Debtor who gave, as collateral, his and his brother Abraham equity interests in Certified, Boro Park and Waterfront, as well as the equity interest in Maspeth.

7.    Maspeth was completed on or about July, 2008 and to date 55 units with a gross sales price of approximately $23,500,000 have been sold.   The Construction Loan has been fully paid and $11,582,510 was paid to date to RCG, from the proceeds of the sales and the Debtors personal funds.   The remaining 32 units and commercial space should generate approximately $16,000,000 (assuming a discounted price based on the current market). There are four separate sale transactions of condominium units ready to close, for a gross sales price of $2,000,000. The Debtor made proposals to pay approximately $500,000 to settle mechanics liens on the property, and permit continued sales of units and to distribute the balance of the proceeds of sales with the above referred to lendors

-2-

under an equitable agreement.

8.    RCG has claimed that it is still owed $6,000,000 for Maspeth and the Debtor disputes this amount, stating that at best $3,238,698 is due.

9.    The Debtor is also 50% owner of a Company entitled McCaren Park Mews LLC ("McCaren"). McCaren embarked upon a large real estate development project in Williamsburg involving the construction of a 120 unit luxury condominium building. McCaren expended over $65,000,000 to date and has approximately $2,000,000 left to pay subcontractors to be able to obtain a Certificate of Occupancy for the project.

10.    McCaren was funded by the investment by the partners, a construction loan of $48,200,000 by Capital One Bank and loans from RCG to the Debtor in the amount of $13,000,000. The RCG loans were secured in the equity of McCaren and the equity interests of the Debtors and Abraham in Certified and Waterfront.

11.    The Debtor has alleged that McCaren ran into delays as a consequence of Capital One's delays in processing and funding requisition requests under the Construction Loan, which placed McCaren into an adverse financial situation in 2008 and early 2009, resulting in $16 Million Dollars in lost contracts of sale of condominium units. In late 2008, Capital One refused to fund our requisition request under the construction loan which they were obligated to advance. In addition Capital One also refused the offer of McCaren who offered to obtain outside funds to fund the $2 Million necessary to complete the project, conditioned upon such $2 Million dollars being paid back to the outside lendor, after a Certificate of occupancy was obtained. If Capital One would have agreed to fund the $2 Million Dollars, as it was required to, all parties

would have been satisfied.

12.     Capital One's mortgage loan balance is approximately $45,500,000 at present. Capital One is seeking to sell such mortgage at a significant discount. (This was alluded to at a recent Court Hearing)

13.     The Debtor has arranged for financing for the acquisition of the Capital One Mortgage Loan Balance, with the realistic plan of completing the development and arranging for the sale of the Condo Units. The plan calls for proceeds of the sales of units to be used to pay the assigned Capital One balance amount and thereafter to satisfy the RCG debt. This plan is one aspect of the proposals to be submitted to the Court as part of the proposed Chapter 11 plan proposals of Debtors Isack and Abraham Rosenberg and McCaren. RCG has claimed that it is owed approximately $15-16,000,000 on the McCaren project and the Debtor disputes that amount as well.

14.     The Debtor thus has the following sources of financing for the satisfaction of the RCG debt.

> a.     Payment of the debt through the completion of the sale of the Maspeth units in the amount of $5,000,000;
>
> b.     The completion of the development and the sale of the McCaren units in the amount of $15,000,000 dollars;
>
> c.     Refinancing of the various real estate properties owned by Certified, Boro
>
> Park, and Waterfront as is necessary.

15.     The Debtor attaches a list of the largest unsecured creditors (numbering less than twenty) and contact information (Exhibit _A_ ).

-4-

16. The Debtor has the secured creditors described upon the annexed schedule.

17. A description of my income and benefits is described upon the annexed schedule.

18. A summary of the Debtor's assets and liabilities is described upon the annexed schedule.

19. No property is within the possession of any party other than the Debtor.

20. The Debtor has described the addresses of its premises upon the schedule describing the businesses.

21. The Debtor's principal's management and their history is identified above.

22. The Debtor's expected monthly income and disbursements is attached hereto as Exhibit *12*.

23. The Debtor will be able to submit and confirm a Chapter 11 plan given sufficient time to complete the above. The Debtor therefore is entitled to seek the relief sought below.

Isack Rosenberg

Severally affirmed before me this

18th day of September, 2009

NOTARY PUBLIC

JOSEF FRIEDMAN
Notary Public, State of New York
No. 01FR4510600
Qualified in Kings County
Commission Expires October 31, 2009

H:\Reception_mydocs\ISACK\AffidavitLocalRuleRosenberg091809.wpd

-5-

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Eastern District of New York

In re Isack Rosenberg

_____
Debtor

Case No. 09-46326 (CEC)

Chapter 11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|-----|-----|-----|-----|-----|
| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |

See attached.

Date: September 11, 2009



Debtor
ISACK ROSENBERG
Printed Name and Title

[Declaration as in Form 2]

LIST OF BUSINESS

|  | A | Description | Creditor | Date | Tax ID # | Estimated Current Value |
|---|---|---|---|---|---|---|
| 37 | | Isack Rosenberg | | | | |
| 38 | | 470 Kent Avenue | | | | |
| 39 | | BROOKLYN, NEW YORK 11211 | | | | |
| 40 | | 718-387-1938 | | | | |
| 41 | | Schedule of Equity Ownership of Isack Rosenberg | | | | |
| 42 | | July 31, '09 | | | | |
| 43 | | | | | Tax ID # | Estimated |
| 44 | | | | | | Current |
| 45 | | Schedule of Ownership Equity Before Mortgages Payable | | | | Value |
| 46 | | Current market value of my 50% share of Certified Lumber Corp. - Real Estate | | | 11-2332714 | 5,500,000 |
| 47 | | Current market value of my 50% share of Certified Lumber Corp. & BP - Lumber business | | | 11-2332714 | 1,250,000 |
| 48 | | Current market value of my 50% Share of Boro Park Home Center Corp. | | | 11-2431247 | 1,200,000 |
| 49 | | Current market value of my 50% Partnership interest in Waterfront Realty | | | 11-2595944 | 16,500,000 |
| 50 | | Current market value of my 50% share of 54 Eldridge St Corp | | | 11-2883897 | 2,500,000 |
| 51 | | Current market value of my 50% share of Franklin Realty Corp. | | | 11-2949131 | 2,400,000 |
| 52 | | Current market value of my 50% share of Franklin Realty Corp. Parking Lot | | | 11-2949131 | 1,800,000 |
| 53 | | Current market value of my 50% share of Exclusive Door Co Inc | | | 11-2947981 | 450,000 |
| 54 | | Current market value of my 50% share of 186 Clymer | | | 11-2993760 | 1,250,000 |
| 55 | | Current market value of my 100% share in 84-100 Maspeth Ave Brooklyn, NY | | | | 14,300,000 |
| 56 | | Current market value of my 50% share McCaren Park Mews LLC 205 N 11th St Brooklyn, NY-Value to be determined | | | | |
| 57 | | Current Market Value of Condo 908 Driggs Ave. Brooklyn, NY | | | | 300,000 |
| 58 | | Current Market Value of my 50% share Condo 84 Lewis Ave Bethlehem, New Hampsire | | | | 140,000 |
| 59 | | Current Market Value of 50% of 1067 54th ST. Brooklyn, NY | | | | 300,000 |
| 60 | | Current Market value of 22.5% of 13 Hooper LLC | | | 80-0081244 | 950,000 |
| 61 | | Total Assets | | | | 48,840,000 |
| 62 | | | | | | |
| 63 | | Schedule of Liabilities | Creditor | Date | | |
| 64 | | My share of Mortgage Payable CL $1,150,000 | Bank of Smithtown | | | 575,000 |
| 65 | | My 50% share of $1,700,000 Mortgage Payable Boro Park | Brooklyn Federal Savings Bank | | | 850,000 |
| 66 | | My 50% share of $3,8000,000 Mortgage Payable Waterfront Realty | Capital One Bank | | | 1,900,000 |
| 67 | | My 50% share of Payable Exclusive Door Co | | | | 450,000 |
| 68 | | My 50% share of 2.500,0000 M/P Wachovia - 186 Clymer | | | | 1,250,000 |
| 69 | | My 50% share of $3,000,000 Mortgage Payable on 54 Eldridge St Corp | Astoria Federal SB | | | 1,500,000 |
| 70 | | My 50% share of $2,700,000 Mortgage Payable on Franklin Realty Corp | Brooklyn Federal SB | | | 1,350,000 |
| 71 | | My 50% share of $235,000 M/P on Franklin Realty Corp | Horseplay Management | 5/13/2004 | | 117,500 |
| 72 | | My 50% share of $700,000 M/P Franklin Realty Corp Block 1885/15 | Horseplay Management | 7/4/2004 | | 350,000 |
| 73 | | My 100 % share of $1.2 M/P Franklin Realty (58 Kent) | Kimmel & Kimmel | 10/19/2004 | | 1,200,000 |
| 74 | | My 100 % share of $1.2 M/P Franklin Realty (58 Kent) | Kimmel & Kimmel | 10/19/2004 | | 2,500,000 |
| 75 | | My 100 % share of $1M/P Franklin Realty | Kimmel & Kimmel | 9/25/2006 | | 1,000,000 |
| 76 | | My 50% share of $ 6 Mortgage Payable to RCG on 84-100 Maspeth Ave | RCG Longview | | | 3,000,000 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 77 | My 100 % share of $6 mil M/P to 32nd St Investors | | | | | | | | | | | 3,000,000 | |
| 78 | My 100% share of 1.8 Mil M/P | | | | | | | | | | | 900,000 | |
| 79 | My 50 % share of M/P Capital One Bank N 11th St 46 Million- | | | | | | | | | | 23,000,000 | | |
| 80 | My 50% share of $ 13 Million M/P N 11 RCG McCaren Park Mews | | | | | | | | | | | 7,000,000 | |
| 81 | Mortgage Payable on Condo 908 Driggs Ave. Brooklyn, NY | | | | | | | | | | | 243,000 | |
| 82 | My 50% Mortgage Payable  on 84 Lewis Ave Bethlehem, New Hampsire nominee $120,000 | | | | | | | | | | | | |
| 83 | Current Market Value of Condo 1067 54th ST. Brooklyn, NY | | | | | | | | | | | 250,000 | |
| 84 | Mortgage Payable on 13 Hooper LLC | | | | | | | | | | | 950,000 | |
| 85 | Total Liabilities | | | | | | | | | | | 28,385,500 | |
| 86 | | | | | | | | | | | | | |
| 87 | Net Value of Real Estate | | | | | | | | | | | | |
| 88 | | | | | | | | | | | | 20,454,500 | |
| 89 | | | | | | | | | | | | | |
| 90 | Schedule B Item 13 | | | | | | | | | | | | |
| 91 | Add comments | | | | | | | | | | | | |
| 92 | | | | | | | | | | | | | |
| 93 | Certified Lumber Corp | | | | | | | | | | | | |
| 94 | Certified Lumber Corp is located at 470 Kent Ave Brooklyn, N.Y. 11211 | | | | | | | | | | | | |
| 95 | Sales in 2008 was over 30 Million Dollars combined with Boro Park Home Center | | | | | | | | | | | | |
| 96 | Shares owned 50% by Isack Rosenberg and 50% by Abraham Rosenberg | | | | | | | | | | | | |
| 97 | Certified Lumber owns the building at 470 Kent Ave. Brooklyn, NY 11211 | | | | | | | | | | | | |
| 98 | | | | | | | | | | | | | |
| 99 | Boro Park Home Center Corp | | | | | | | | | | | | |
| 100 | Boro Park Home Center Corp is located at 4601 New Utrecht Avenue Brooklyn, NY 11219 | | | | | | | | | | | | |
| 101 | Shares owned 50% by Isack Rosenberg and 50% by Abraham Rosenberg | | | | | | | | | | | | |
| 102 | Boro Park Home Center Corp owns the building at 4601 New Utrecht  Brooklyn, NY 11219 | | | | | | | | | | | | |
| 103 | | | | | | | | | | | | | |
| 104 | Waterfront Realty II LLC | | | | | | | | | | | | |
| 105 | Waterfront Realty II LLC owns the building at 462 Kent Avenue Brooklyn, NY 11211 | | | | | | | | | | | | |
| 106 | Building consists of approx. 220,000 sf | | | | | | | | | | | | |
| 107 | Waterfront is owned 50% by Isack Rosenberg & 50% by Abraham Rosenberg | | | | | | | | | | | | |

**Isack Rosenberg**
**Schedule of 20 Largest Unsecured Creditors**
**July 29 '09**

**Unsecured Creditors**
**Guaranteed by Isack & Abraham Rosenberg**
**Collaterized by Affiliated Companies**

| | Gross Amount | IR % | Isack Amount | Contact Info | Property | Type S secured U unsecure L Lease |
|---|---|---|---|---|---|---|
| Capital One Bank Joseph Savino 225 Old Country Rd. Mellville NY 11747 | 46,000,000 | 50 | 23,000,000 | 631-761-0855 | 204 N 11th St Brooklyn, NY | U |
| Brooklyn Federal Savings 81 Court St Brooklyn, NY 11201 | 2,300,000 | 50 | 1,150,000 | 718-855-8500 | 380 Flushing Ave Brooklyn, NY | U |
| | 1,600,000 | 50 | 800,000 | 718-855-8500 | 4601 New Utrecht Ave Brooklyn, NY | U |
| | 6,600,000 | 100 | 6,600,000 | 718-855-8500 | 773 Kent Ave Brooklyn, NY | U |
| | 1,700,000 | 100 | 1,700,000 | 718-855-8500 | 890 Bedford Ave Brooklyn, NY | U |
| | 1,100,000 | 100 | 1,100,000 | 718-855-8500 | 1 Franklin Ave Brooklyn, NY | U |
| 32nd St Investors III LLC c/o Alter Mantel LLP 90 Park Ave 35th fl NY, NY 10016 | 6,000,000 | 50 | 3,000,000 | 212-953-5500 | 84-100 Maspeth - 462 Kent Ave | U |
| Joseph Savino Capital One bank 225 Old Country Road Mellville, N.Y. 11747 | 3,800,000 | 50 | 1,900,000 | 631-761-0855 | 462 Kent Ave Brooklyn, NY 11211 | U |
| Astoria Federal Savings Bank 1 Corporate Drive Suite 360 Lake Zurich, Il 60047-8945 | 2,960,000 | 50 | 1,480,000 | 877-849-9250 | 54 Eldridge St New York, NY | U |

| | | | | | |
|---|---|---|---|---|---|
| N.C. Capital Corp<br>4309 13th Ave<br>Brooklyn, Ny 11219 | 1,800,000 | 50 | 900,000 | 718-438-2525 | 84-100 Maspeth Brooklyn, NY    U |
| Wachovia Securities<br>201 S College St<br>Charlotte, NC 28244 | 2,500,000 | 50 | 1,250,000 | 800-326-1334 | 186 Clymer St Brooklyn, NY 11211 U |
| Bank of Smithtown<br>100 Motor Parkway Suite 160<br>Hauppauge, NY 11788-5174 | 1,150,000 | 50 | 575,000 | 631-525-5743 | 470 Kent Ave Brooklyn, NY 11211 U |
| Jay Kimmel as nominee<br>c/o Kimmel & Kimmel<br>270 Madsion 13th Fl<br>NY NY 10016 | 1,200,000 | 100 | 1,200,000 | 212-661-8838 | 35 Franklin Ave Brooklyn, NY    U |
| **Total Unsecured creditors** | **78,710,000** | | **44,655,000** | | |

**Unsecured Creditors - credit Cards**

| | | | | | |
|---|---|---|---|---|---|
| Bank of America<br>PO Box 15026<br>Willmington, DE 19850-5026 | 45,000 | 100 | 45,000 | 800-900-6651 | Unsecured - revolving credit card  U |
| Chase<br>PO Box 15298<br>Willmington, DE 19850-5298 | 3,562 | 100 | 3,562 | 800-945-2000 | Unsecured - revolving credit card  U |
| American Express<br>PO Box 981535<br>Elpaso, TX 79998-1535 | 1,073 | 100 | 1,073 | 800-300-8765 | Unsecured - revolving credit card  U |

American Express

| PO Box 981535 | 5,828 | 100 | 5,828 | 800-300-8765 | Unsecured - revolving credit card  U |
| Elpaso, TX 79998-1535 | | | | | |
| | | | | | |
| American Express | | | | 800-300-8765 | |
| PO Box 981535 | 7600 | 100 | 7600 | | Unsecured - revolving credit card  U |
| Elpaso, TX 79998-1535 | | | | | |
| | | | | | |
| American Honda | | | | | |
| POB 65507 | 5090 | | 5090 | 866-950-7747 | 509 monthly lease started June '0. Lease Israe |
| Wilmington, De 19808-0507 | | | | | |
| | | | | | |
| GMAC | | | | 800-200-4622 | |
| PO Box 380902, | 2954 | 100 | 2954 | | Car Lease - Isack 984.73 monthly   Lease Isack |
| Bloomington, MN 55438-0902 | | | | | |
| | | | | | |
| Capital One | | | | 631-761-0855 | |
| Joseph Savino | 0 | 100 | 0 | | |
|  225 Old Country Road | | | | | |
| Meliville, N.Y. 11747 | | | | | |
| **Total Unsecured Creditors Credit Cards** | **71,107** | | **71,107** | | |

**Secured Creditors**

| | | | | | |
|---|---|---|---|---|---|
| RCG Longview II L.P.<br>7 Penn Plaza Suite 521<br>New York, Ny 10001 | 12,000,000 | 50 | 6,000,000 204 N 11 th St Brooklyn, NY | S | McCaren Park Mews |
| RCGLV Maspeth LLC<br>7 Penn Plaza Suite 521<br>NY, NY 10001 | 3,500,000 | 50 | 1,750,000 84-100 Maspeth Ave Brooklyn, NY S | | Maspeth Properties LLᵢ |
| Citimortgage<br>POB 9438<br>Gaithersburg, Md 20898-9438 | 210,000 | 100 | 210,000 1067 54th St Brooklyn NY | S | Isack Rosenberg |
| Suntrust Mortgage<br>PO Box 26149<br>Richmond, VA 23260-6149 | 241,000 | 100 | 241,000 908 Driggs Ave Brooklyn NY | S | Isack Rosenberg |
| US Bank Home Mortgage<br>PO Box 20005<br>Owensboro, KY 42304-0005 | 236,000 | 50 | 118,000 New Hampshire | N/A | 50% Nominee with Schᵢ |
| **Total Secured Creditors** | **16,187,000** | | **8,319,000** | | |

## ISACK ROSENBERG
### ASSETS & LIABILITIES, JULY 28, 2009
### (Estimated & Approximate)

### ASSETS

| | | |
|---|---|---|
| Real property | $ | 740,000.00 |
| Equity interests in businesses (net of mortgages) | $ | 20,327,500.00 |
| | $ | 20,750.00 |
| Total | $ | 21,088,250.00 |

### LIABILITIES

| | | |
|---|---|---|
| Secured RCG | $ | 15,500,000.00 |
| Mortgages payable | $ | 613,000.00 |
| Credit card debt | $ | 71,000.00 |
| Contingent guarantee (face amount $69,310,000) | | |
| Total | $ | 16,184,107.00 |

| | A | B | C |
|---|---|---|---|
| 1 | Isack Rosenberg | | |
| 2 | Monthly Budget | | |
| 3 | August '09 | | |
| 4 | | | |
| 5 | Income | | |
| 6 | Net monthly wages (G 16250) | | 11,872.00 |
| 7 | Additional Drawings | | 35866 |
| 8 | | | |
| 9 | Expenses | | |
| 10 | Food | 2500 | |
| 11 | Clothing | 1000 | |
| 12 | Spouse | 2000 | |
| 13 | Medical | 600 | |
| 14 | Maint 106 Ross & Monroe | 8200 | |
| 15 | Rent  106 Ross | 3800 | |
| 16 | Travel | 800 | |
| 17 | Util | 1050 | |
| 18 | Sundries | 500 | |
| 19 | Support Children | 4500 | |
| 20 | Freedom Mortg-Monroe Debora | 780 | |
| 21 | Total personal expenses | 25730 | |
| 22 | | | |
| 23 | | | |
| 24 | Real Estate Income | | |
| 25 | 1067 54 - Income | | 2510.15 |
| 26 | 908 Driggs - Income | | 1800 |
| 27 | Total Income | | 52,048.15 |
| 28 | Real Estate Expenses | | |
| 29 | 1067 54 - Exp | 2510.15 | |
| 30 | 908 Driggs - Exp | 1750 | |
| 31 | Interest Exp - 13 Hooper | 11,083 | |
| 32 | Interest Cong Sharei Tova - Maspe | 1250 | |
| 33 | Total Expenses | 42323.15 | |
| 34 | | | |
| 35 | | | |
| 36 | Business Expenses | | |
| 37 | John Hancock | 8775 | |
| 38 | Wife - Monroe RE Tax | 950 | |
| 39 | Total Expenses | 52048.15 | |

# INCOME & EXPENSES

B

B 6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Eastern District Of New York

In re Isack Rosenberg

Case No. 09-46326 (CEC)

_____
Debtor

Chapter _____11_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

X Q Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### Eastern District Of New York

In re **Isack Rosenberg**

Debtor

Case No. 09-46326 (CEC)

Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 740,000.00 | | |
| B - Personal Property | YES | 7 | $ 20,348,250.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $16,187,000 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 71,107.00(Fixed) $ 69,310,000.00 Guarantee Contingent | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 0.00 |
| TOTAL | | 15 | $ 21,088,250 | $ 16,258,000 | |

FORM B6A
(6/90)

In re: Isack Rosenberg                                    Case No. 09-46326 (CEC)
_____.                        _____
            Debtor                                              (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant , community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 908 Driggs Ave., Brooklyn, NY | Ownership interest in condo | | $300,000 | $243,000 |
| 84 Lewis Ave., Bethlehem, New Hampshire as nominee for congregation Yetov Lev | Titled. 50% interest | | $140,000 | $120,000 |
| | 50% interest | | | |
| | | | $300,000 | $250,000 |
| 1067 54th Street Brooklyn, NY | | | | |

|  | Total     $740.000 |
|---|---|

(Report also on Summary of Schedules.)

Form B6B
(10/89)

In re  Isack Rosenberg                                                          Case No. 09-46326 (CEC)
_____                    _____
              Debtor                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other finan- cial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and home- stead associations, or credit unions, brokerage houses, or cooperatives. | X | Checking Signature Bank 84 Broadway Brooklyn, NY  11211 | | $ 0.00 |
| 3. Security deposits with public utilities, telephone companies, land- lords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | | J | $15,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | 106 Ross Street Brooklyn, NY  11211 | | $5,000.00 |
| 7. Furs and jewelry. | | | | $750.00 |
| 8. Firearms and sports, photo- graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | Trust on the life of S. Kohn $1,000,000 face amount. | | undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Form B6B-Cont.
(10/89)

In re Isack Rosenberg                                    Case No. .09-46326 (CEC)
_____                        _____
            Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | See attached schedule | | $20,327,500 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | See attached schedule | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | | | | |

Form B6B-cont
(10/89)

In re  Isack Rosenberg

Debtor

Case No. 09-46326 (CEC)

(If known)

## SCHEDULE B -PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | | | |
| 24. Boats, motors, and accessories. | | | | |
| 25. Aircraft and accessories. | | | | |
| 26. Office equipment, furnishings, and supplies. | | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | | | | |
| 28. Inventory. | | | | |
| 29. Animals. | | | | |
| 30. Crops - growing or harvested. Give particulars. | | | | |
| 31. Farming equipment and implements. | | | | |
| 32. Farm supplies, chemicals, and feed. | | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | | | |

_____ continuation sheets attached          Total ➤  | $ 20,348,250.00

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 37 | | | | | | | Isack Rosenberg | | | | | | |
| 38 | | | | | | | 470 Kent Avenue | | | | | | |
| 39 | | | | | | | BROOKLYN, NEW YORK 11211 | | | | | | |
| 40 | | | | | | | 718-387-1938 | | | | | | |
| 41 | | | | | | | Schedule of Equity Ownership of Isack Rosenberg | | | | | | |
| 42 | | | | | | | July 31, '09 | | | | | | |
| 43 | | | | | | | | | | | | | |
| 44 | | | | | | | | | | Tax ID # | | Estimated | |
| 45 | Schedule of Ownership Equity Before Mortgages Payable | | | | | | | | | | | Current Value | |
| 46 | Current market value of my 50% share of Certified Lumber Corp. - Real Estate | | | | | | | | | 11-2332714 | | 5,500,000 | |
| 47 | Current market value of my 50% share of Certified Lumber Corp. & BP - Lumber business | | | | | | | | | 11-2332714 | | 1,250,000 | |
| 48 | Current market value of my 50% Share of Boro Park Home Center Corp. | | | | | | | | | 11-2431247 | | 1,200,000 | |
| 49 | Current market value of my 50% Partnership interest in Waterfront Realty | | | | | | | | | 11-2595944 | | 16,500,000 | |
| 50 | Current market value of my 50% share of 54 Eldridge St Corp | | | | | | | | | 11-2883897 | | 2,500,000 | |
| 51 | Current market value of my 50% share of Franklin Realty Corp. | | | | | | | | | 11-2949131 | | 2,400,000 | |
| 52 | Current market value of my 50% share of Franklin Realty Corp. Parking Lot | | | | | | | | | 11-2949131 | | 1,800,000 | |
| 53 | Current market value of my 50% share of Exclusive Door Co Inc | | | | | | | | | 11-2947981 | | 450,000 | |
| 54 | Current market value of my 50% share of 186 Clymer | | | | | | | | | 11-2993760 | | 1,250,000 | |
| 55 | Current market value of my 100% share in 84-100 Maspeth Ave Brooklyn, NY | | | | | | | | | | | 14,300,000 | |
| 56 | Current market value of my 50% share McCaren Park Mews LLC 205 N 11th St Brooklyn, NY-Value to be determined | | | | | | | | | | | | |
| 57 | Current Market Value of Condo 908 Driggs Ave. Brooklyn, NY | | | | | | | | | | | 300,000 | |
| 58 | Current Market Value of my 50% share Condo 84 Lewis Ave Bethlehem, New Hampsire | | | | | | | | | | | 140,000 | |
| 59 | Current Market Value of 50% of 1067 54th ST. Brooklyn, NY | | | | | | | | | | | 300,000 | |
| 60 | Current Market value of 22.5% of 13 Hooper LLC | | | | | | | | | 80-0081244 | | 950,000 | |
| 61 | Total Assets | | | | | | | | | | | 48,840,000 | |
| 62 | | | | | | | | | | | | | |
| 63 | Schedule of Liabilities | | | | | | | Creditor | | | Date | | |
| 64 | My share of Mortgage Payable CL $1,150,000 | | | | | | | Bank of Smithtown | | | | 575,000 | |
| 65 | My 50% share of $1,700,000 Mortgage Payable Boro Park | | | | | | | Brooklyn Federal Savings Bank | | | | 850,000 | |
| 66 | My 50% share of $3,8000,000 Mortgage Payable Waterfront Realty | | | | | | | Capital One Bank | | | | 1,900,000 | |
| 67 | My 50% share of Payable Exclusive Door Co | | | | | | | | | | | 450,000 | |
| 68 | My 50% share of 2.500,0000 M/P Wachovia - 186 Clymer | | | | | | | | | | | 1,250,000 | |
| 69 | My 50% share of $3,000,000 Mortgage Payable on 54 Eldridge St Corp | | | | | | | Astoria Federal SB | | | | 1,500,000 | |
| 70 | My 50% share of $2,700,000 Mortgage Payable on Franklin Realty Corp | | | | | | | Brooklyn Federal SB | | | | 1,350,000 | |
| 71 | My 50% share of $235,000 M/P on Franklin Realty Corp | | | | | | | Horseplay Management | | | 5/13/2004 | 117,500 | |
| 72 | My 50% share of $700,000 M/P Franklin Realty Corp Block 1885/15 | | | | | | | Horseplay Management | | | 7/4/2004 | 350,000 | |
| 73 | My 100 % share of $1.2 M/P Franklin Realty (58 Kent) | | | | | | | Kimmel & Kimmel | | | 10/19/2004 | 1,200,000 | |
| 74 | My 100 % share of $1.2 M/P Franklin Realty (58 Kent) | | | | | | | Kimmel & Kimmel | | | 10/19/2004 | 2,500,000 | |
| 75 | My 100 % share of $1M/P Franklin Realty | | | | | | | Kimmel & Kimmel | | | 9/25/2006 | 1,000,000 | |
| 76 | My 50% share of $ 6 Mortgage Payable to RCG on 84-100 Maspeth Ave | | | | | | | RCG Longview | | | | 3,000,000 | |

"SCHEDULE B-13"

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 77 | My 100 % share of $6 mil M/P to 32nd St Investors | | | | | | | | | | | 3,000,000 | |
| 78 | My 100% share of 1.8 Mil M/P | | | | | | | | | | | 900,000 | |
| 79 | My 50 % share of M/P Capital One Bank N 11th St 46 Million- | | | | | | | | | | 23,000,000 | | |
| 80 | My 50% share of $ 13 Million M/P N 11 RCG McCaren Park Mews | | | | | | | | | | | 7,000,000 | |
| 81 | Mortgage Payable on Condo 908 Driggs Ave. Brooklyn, NY | | | | | | | | | | | 243,000 | |
| 82 | My 50% Mortgage Payable on 84 Lewis Ave Bethlehem, New Hampsire nominee $120,000 | | | | | | | | | | | | |
| 83 | Current Market Value of Condo 1067 54th ST. Brooklyn, NY | | | | | | | | | | | 250,000 | |
| 84 | Mortgage Payable on 13 Hooper LLC | | | | | | | | | | | 950,000 | |
| 85 | Total Liabilities | | | | | | | | | | | 28,385,500 | |
| 86 | | | | | | | | | | | | | |
| 87 | Net Value of Real Estate | | | | | | | | | | | 20,454,500 | |
| 88 | | | | | | | | | | | | | |
| 89 | | | | | | | | | | | | | |
| 90 | Schedule B item 13 | | | | | | | | | | | | |
| 91 | Add comments | | | | | | | | | | | | |
| 92 | | | | | | | | | | | | | |
| 93 | Certified Lumber Corp | | | | | | | | | | | | |
| 94 | Certified Lumber Corp is located at 470 Kent Ave Brooklyn, N.Y. 11211 | | | | | | | | | | | | |
| 95 | Sales in 2008 was over 30 Million Dollars combined with Boro Park Home Center | | | | | | | | | | | | |
| 96 | Shares owned 50% by Isack Rosenberg and 50% by Abraham Rosenberg | | | | | | | | | | | | |
| 97 | Certified Lumber owns the building at 470 Kent Ave. Brooklyn, NY 11211 | | | | | | | | | | | | |
| 98 | | | | | | | | | | | | | |
| 99 | Boro Park Home Center Corp | | | | | | | | | | | | |
| 100 | Boro Park Home Center Corp is located at 4601 New Utrecht Avenue Brooklyn, NY 11219 | | | | | | | | | | | | |
| 101 | Shares owned 50% by Isack Rosenberg and 50% by Abraham Rosenberg | | | | | | | | | | | | |
| 102 | Boro Park Home Center Corp owns the building at 4601 New Utrecht Brooklyn, NY 11219 | | | | | | | | | | | | |
| 103 | | | | | | | | | | | | | |
| 104 | Waterfront Realty II LLC | | | | | | | | | | | | |
| 105 | Waterfront Realty II LLC owns the building at 462 Kent Avenue Brooklyn, NY 11211 | | | | | | | | | | | | |
| 106 | Building consists of approx. 220,000 sf | | | | | | | | | | | | |
| 107 | Waterfront is owned 50% by Isack Rosenberg & 50% by Abraham Rosenberg | | | | | | | | | | | | |

B 6C (Official Form 6C) (12/07)

In re <u>Isack Rosenberg</u>                                         Case No. <u>09-46326 (CEC)</u>
        Debtor                                                        (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    G Check if debtor claims a homestead exemption that exceeds
(Check one box)                                     $136,875.
G 11 U.S.C. § 522(b)(2)
G 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Household Goods | CPLR, D&C 282, 283 | $15,000.00 | $15,000.00 |
| Apparel | CPLR, D&C 282, 283 | $ 5,000.00 | $ 5,000.00 |
| Jewelry | CPLR, D&C 282, 283 | $    750.00 | $    750.00 |

B 6D (Official Form 6D) (12/07)

In re **Isack Rosenberg**
_____,
Debtor

Case No. **09-46326 (CEC)**
(If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | DISPUTED | UNLIQUIDATED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  See attached schedule | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ____ continuation sheets attached | | | Subtotal ► (Total of this page) | | | | $ | $ |
| | | | Total ► (Use only on last page) | | | | $ 16,187,000 | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

**Secured Creditors**

| | | | | | | |
|---|---|---|---|---|---|---|
| * RCG Longview II L.P.<br>7 Penn Plaza Suite 521<br>New York, Ny 10001 | 12,000,000 | 50 | 6,000,000 | 204 N 11 th St Brooklyn, NY | S | McCaren Park Mews |
| RCGLV Maspeth LLC<br>7 Penn Plaza Suite 521<br>NY, NY 10001 | 3,500,000 | 50 | 1,750,000 | 84-100 Maspeth Ave Brooklyn, NY | S | Maspeth Properties LL |
| Citimortgage<br>POB 9438<br>Gaithersburg, Md 20898-9438 | 210,000 | 100 | 210,000 | 1067 54th St Brooklyn NY | S | Isack Rosenberg |
| Suntrust Mortgage<br>PO Box 26149<br>Richmond, VA 23260-6149 | 241,000 | 100 | 241,000 | 908 Driggs Ave Brooklyn NY | S | Isack Rosenberg |
| US Bank Home Mortgage<br>PO Box 20005<br>Owensboro, KY 42304-0005 | 236,000 | 50 | 118,000 | New Hampshire | N/A | 50% Nominee with Sch |
| **Total Secured Creditors** | **16,187,000** | | **8,319,000** | | | |

## "SCHEDULE TO SCHEDULE D"

---

* References to 50 mean that this amount is 50% of the claim and Abraham Rosenberg is equally liable on the claim.

B6E (Official Form 6E) (12/07)

In re    **Isack Rosenberg**
_____
                    Debtor

Case No. 09-46326 (CEC)
_____
                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ Domestic Support Obligations

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).
☐ Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

B6E (Official Form 6E) (12/07) – Cont.

In re Isack Rosenberg                                              Case No. 09-46326 (CEC)
_____          ,          _____
                Debtor                                               (if known)


☐  Certain farmers and fishermen

  Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


☐  Deposits by individuals

  Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use,
that were not delivered or provided. 11 U.S.C. § 507(a)(7).


☐  Taxes and Certain Other Debts Owed to Governmental Units

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐  Commitments to Maintain the Capital of an Insured Depository Institution

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of
Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C.
§ 507 (a)(9).


☐  Claims for Death or Personal Injury While Debtor Was Intoxicated

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a
drug, or another substance. 11 U.S.C. § 507(a)(10).


* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of
adjustment.


_____ continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re Isack Rosenberg                                              Case No. 09-46326 (CEC)
_____                    _____
            Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND,WIFE, JOINT,OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>See attached schedule | | | Total guarantee Debt (Debtor is co-debtor with Abraham Rosenberg on nearly all this debt.) | | | | $69,310.000.00 |
| ACCOUNT NO. 00450534837927 | | | Total fixed debt (primarily credit card debt.) | | | | $    71,107.00 |
| ACCOUNT NO. 373272710191002 | | | | | | | |
| ACCOUNT NO. 315126719648 | | | | | | | |
| | | | | | Subtotal | | $ |
| ____ continuation sheets attached | | | Total<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | $ 69,381,107.00 |

**Isack Rosenberg**
**Schedule of Creditors**
**July 29 '09**

| | Gross Amount | IR % | Isack Amount | Property | Type<br>S secured<br>U unsecured<br>L Lease | Debtor |
|---|---|---|---|---|---|---|

**Unsecured Creditors**
**Guaranteed by Isack & Abraham Rosenberg**
**Collateralized by Affiliated Companies**

| | Gross Amount | IR % | Isack Amount | Property | Type | Debtor |
|---|---|---|---|---|---|---|
| Joseph Savino<br>Capital One bank<br>225 Old Country Road<br>Mellville, N.Y. 11747 | 3,800,000 | 50 | 1,900,000 | 462 Kent Ave Brooklyn, NY 11211 | U | Waterfront Realty II LL |
| 32nd St Investors III LLC<br>c/o Alter Mantel LLP 90 Park Ave 35th fl<br>NY, NY 10016 | 6,000,000 | 50 | 3,000,000 | 84-100 Maspeth - 462 Kent Ave | U | Maspeth Properties LL |
| N.C. Capital Corp<br>4309 13th Ave<br>Brooklyn, Ny 11219 | 1,800,000 | 50 | 900,000 | 84-100 Maspeth Brooklyn, NY | U | Maspeth Properties LL |
| Capital One Bank<br>Joseph Savino<br>225 Old Country Rd.<br>Mellville NY 11747 | 46,000,000 | 50 | 23,000,000 | 204 N 11th St Brooklyn, NY | U | McCaren Park Mews |
| Brooklyn Federal Savings<br>81 Court St<br>Brooklyn, NY 11201 | 2,300,000<br>1,600,000 | 50<br>50 | 1,150,000<br>800,000 | 380 Flushing Ave Brooklyn, NY<br>4601 New Utrecht Ave Brooklyn, I | U<br>U | Franklin Realty<br>Boro Park Home Cente |
| Bank of Smithtown<br>100 Motor Parkway Suite 160<br>Hauppauge, NY 11788-5174 | 1,150,000 | 50 | 575,000 | 470 Kent Ave Brooklyn, NY 11211 | U | Certified Lumber Corp |
| Wachovia Securities | 2,500,000 | 50 | 1,250,000 | 186 Clymer St Brooklyn, NY 11211 | U | 186 - 188 Clymer St Re |

⊩

201 S College St
Charlotte, NC 28244

| Astoria Federal Savings Bank | | 2,960,000 | 50 | 1,480,000 54 Eldridge St New York, NY | U | 54 Eldridge St Corp |
| 1 Corporate Drive Suite 360 | | | | | | |
| Lake Zurich, Il 60047-8945 | | | | | | |

| Jay Kimmel as nominee | | 1,200,000 | 100 | 1,200,000 35 Franklin Ave Brooklyn, NY | U | Franklin Realty Corp |
| c/o Kimmel & Kimmel | | | | | | |
| 270 Madsion 13th Fl | | | | | | |
| NY NY 10016 | | | | | | |
| **Total Unsecured creditors** | | **69,310,000** | | **35,255,000** | | |

•

## Unsecured Creditors - credit Cards

| Bank of America | | | 45,000 | 100 | 45,000 Unsecured - revolving credit card  U |
| PO Box 15026 | 3258 | | | | |
| Willmington, DE 19850-5026 | | | | | |

| Chase | | | 3,562 | 100 | 3,562 Unsecured - revolving credit card  U |
| PO Box 15298 | 4580 | | | | |
| Willmington, DE 19850-5298 | | | | | |

| American Express | | | 1,073 | 100 | 1,073 Unsecured - revolving credit card  U |
| PO Box 981535 | 3009 | | | | |
| Elpaso, TX 79998-1535 | | | | | |

| American Express | | | 5,828 | 100 | 5,828 Unsecured - revolving credit card  U |
| PO Box 981535 | 9594 | | | | |
| Elpaso, TX 79998-1535 | | | | | |

American Express
PO Box 981535          5834          7600          100          7600 Unsecured - revolving credit card  U
Elpaso, TX 79998-1535

American Honda
POB 65507              3557          5090                        5090 509 monthly lease started June '0' Lease
Wilmington, De 19808-0507

GMAC
PO Box 380902,         2209          2954          100          2954 Car Lease - Isack 984.73 monthly   Lease
Bloomington, MN 55438-0902

Capital One
Joseph Savino          2247             0          100             0
 225 Old Country Road
 Mellville, N.Y. 11747

**Total Credit Cards**                 71107                     71,107
**Grand Total Unsecured Creditors**    69,381,107                35,326,107

Form B6G
(10/89)

In re Isack Rosenberg

Debtor

Case No. 09-46326 (CEC)

(if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| America Honda<br>P.O. Box 65507<br>Wilmington, DE  19808-0507 | Honda vehicle – June 2009 Property<br>$509 monthly |
| GMAC<br>P.O. Box 380902<br>Bloomington, MN  55438-0902 | Vehicle<br>$984.73 monthly |

Form B6H
(6/90)

In re Isack Rosenberg

_____ ,
Debtor

Case No. 09-46326 (CEC)
_____
(if known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Abraham Rosenberg<br>66 Hewes Street<br>Brooklyn, NY | See schedules to B-13, D, F |

B6I (Official Form 6I) (12/07)

In re  Isack Rosenberg _____ ,        Case No. 09-046326 (CEC)
                    Debtor                                                                      _____
                                                                                                      (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation Self Employed | | Deborah |
| Name of Employer | | Not employed |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time     **See Attached**    DEBTOR     SPOUSE
case filed)

                                                 $_____    $_____

1. Monthly gross wages, salary, and commissions
   (Prorate if not paid monthly)                   $_____    $_____
2. Estimate monthly overtime

3. SUBTOTAL                                       $_____    $_____

4. LESS PAYROLL DEDUCTIONS
   a. Payroll taxes and social security           $_____    $_____
   b. Insurance                                   $_____    $_____
   c. Union dues                                  $_____    $_____
   d. Other (Specify): _____    $_____    $_____

5. SUBTOTAL OF PAYROLL DEDUCTIONS        $_____    $_____

6. TOTAL NET MONTHLY TAKE HOME PAY      $_____    $_____

7. Regular income from operation of business or profession or farm
   (Attach detailed statement)                $_____    $_____
8. Income from real property                 $_____    $_____
9. Interest and dividends
10. Alimony, maintenance or support payments payable to the debtor for   $_____    $_____
    the debtor's use or that of dependents listed above        $_____    $_____
11. Social security or government assistance
    (Specify):
12. Pension or retirement income               $_____    $_____
13. Other monthly income
    (Specify):                                    $_____    $_____
    _____    $_____    $_____

14. SUBTOTAL OF LINES 7 THROUGH 13         $_____    $_____

15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14)   $_____    $_____

16. COMBINED AVERAGE MONTHLY INCOME: (Combine column      $_____
totals from line 15)(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document

: _____

B6J (Official Form 6J) (12/07)

In re  Isack Rosenberg                                   ,                    Case No. 09-46326 (CEC)
                    Debtor                                                                    (if known)

## See Attached Schedule

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

1. Rent or home mortgage payment (include lot rented for mobile home)                                         $ _____
    a. Are real estate taxes included?        Yes _____    No _____
    b. Is property insurance included?         Yes _____    No _____
2. Utilities: a. Electricity and heating fuel                                                                                  $ _____
          b. Water and sewer                                                                                      $ _____
          c. Telephone                                                                                              $ _____
          d. Other _____                        $ _____
3. Home maintenance (repairs and upkeep)                                                                              $ _____
4. Food                                                                                                                                    $ _____
5. Clothing                                                                                                                              $ _____
6. Laundry and dry cleaning                                                                                                    $ _____
7. Medical and dental expenses                                                                                              $ _____
8. Transportation (not including car payments)                                                                          $ _____
9. Recreation, clubs and entertainment, newspapers, magazines, etc.                                        $ _____
10. Charitable contributions                                                                                                    $ _____
11. Insurance (not deducted from wages or included in home mortgage payments)
          a. Homeowner's or renter's                                                                            $ _____
          b. Life                                                                                                          $ _____
          c. Health                                                                                                      $ _____
          d. Auto                                                                                                        $ _____
          e. Other _____                        $ _____
12. Taxes (not deducted from wages or included in home mortgage payments)
(Specify) _____                                  $ _____
13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)
          a. Auto                                                                                                        $ _____
          b. Other _____                                        $ _____
          c. Other _____                                        $ _____
14. Alimony, maintenance, and support paid to others                                                              $ _____
15. Payments for support of additional dependents not living at your home                                 $ _____
16. Regular expenses from operation of business, profession, or farm (attach detailed statement)  $ _____
17. Other _____                                            $ _____
18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and,        $ _____
    if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:



20. STATEMENT OF MONTHLY NET INCOME
    a. Average monthly income from Line 15 of Schedule I                                                   $ _____
    b. Average monthly expenses from Line 18 above                                                          $ _____
    c. Monthly net income (a. minus b.)                                                                           $ _____

| | A | B | C |
|---|---|---|---|
| 1 | Isack Rosenberg | | |
| 2 | Monthly Budget | | |
| 3 | August '09 | | |
| 4 | | | |
| 5 | **Income** | | |
| 6 | Net monthly wages (G 16250) | | 11,872.00 |
| 7 | Additional Drawings | | 35866 |
| 8 | | | |
| 9 | **Expenses** | | |
| 10 | Food | 2500 | |
| 11 | Clothing | 1000 | |
| 12 | Spouse | 2000 | |
| 13 | Medical | 600 | |
| 14 | Maint 106 Ross & Monroe | 8200 | |
| 15 | Rent  106 Ross | 3800 | |
| 16 | Travel | 800 | |
| 17 | Util | 1050 | |
| 18 | Sundries | 500 | |
| 19 | Support Children | 4500 | |
| 20 | Freedom Mortg-Monroe Debora | 780 | |
| 21 | Total personal expenses | 25730 | |
| 22 | | | |
| 23 | | | |
| 24 | **Real Estate Income** | | |
| 25 | 1067 54 - Income | | 2510.15 |
| 26 | 908 Driggs - Income | | 1800 |
| 27 | Total Income | | 52,048.15 |
| 28 | **Real Estate Expenses** | | |
| 29 | 1067 54 - Exp | 2510.15 | |
| 30 | 908 Driggs - Exp | 1750 | |
| 31 | Interest Exp - 13 Hooper | 11,083 | |
| 32 | Interest Cong Sharei Tova - Maspe | 1250 | |
| 33 | Total Expenses | 42323.15 | |
| 34 | | | |
| 35 | | | |
| 36 | Business Expenses | | |
| 37 | John Hancock | 8775 | |
| 38 | Wife - Monroe RE Tax | 950 | |
| 39 | Total Expenses | 52048.15 | |

INCOME + EXPENSES

Case No. _____

_____                                    _____
Debtor                                                                    (if known)

# DECLARATION CONCERNING DEBTOR(S) SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of sheets (total shown on summary page plus 2), and that they are true and correct to the best of my knowledge, information, and belief.

_9/22/09_____                              X _____
Date                                                       Signature of Debtor

_____                              _____
Date                                                       Signature of Joint Debtor

• • • • • •    :

## DECLARATION AND SIGNATURE OF BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers. I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required under that section; and (4) I will not accept any additional money or other property from the debtor before the filing fee is paid in full.

_____                  _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person or partner who signs this document.*

_____

_____
Address

X _____                        _____
Signature of Bankruptcy Petition Preparer                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.   11 U.S.C. § 110; 18 U.S.C. § 156.*

• • • • • •

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, _____. named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary of schedules, consisting of sheets (total shown on summary page plus 1), and that the are true and correct to the best of my knowledge, information, and belief.

_____                          _____
Date                                                       Signature of Authorized Individual

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. § 152 and 3571.

B7(Official Form 7)(12/07)

FORM 7. STATEMENT OF FINANCIAL AFFAIRS

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

In Re:  ISACK ROSENBERG                          Case No.   09-46326-CEC

**Debtor**                                                    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfer and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25.      If the answer to an applicable question is "None", mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

None ☒   **1. Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calender year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Amount | Source |
|---|---|
| '07 $195,000.00 ......... | Salary |
| $886,965.00 ......... | Real Estate Earnings |
| $1,081,965.00 ......... | (approx.) |

'08 Tax Return not yet filed, but 2008 amounts are approximately the same.

**2. Income other than from employment or operation of business**

None ☒    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the
debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a
joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13
must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

Amount                          Source

See above.

**3. Payments to creditors**

None ☒    a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases
of goods or services, and other debts, aggregating more than $600 to any creditor, [except for a debt on account
of a domestic support obligation,] made within 90 days immediately preceding the commencement of this case.
Indcate with an * any payments that were made to the creditor on account of a domestic support obligation or as
part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling
agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Nane and Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|---|---|---|---|
| N/A | | | |

None ☒    b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*)
any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative
repayment schedule under a plan by an approved nonprofit budgeting and credit counselig agency. (Married
debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Dates of Payments/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|
| Payments made were in the ordinary course. | | | |

None ☒  c. All debtors: List all payment made within one year immediately preceding the commencement of this case
        to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or
        chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless
        the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor and Relationship to Debtor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|
| All payments made in the ordinary course. | | | |

--

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☒  a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately
        preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
        information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are
        separated and a joint petition is not filed.)

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| Capital Bank v. McClaren Bank, et. al. New York State Supreme Court Index No. 4396/09 | | | |
| RCG et. al. v. Maspeth Properties LLC, et. al. New York State Supreme Court Index No. 2324/09 | | | |

None ☒    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person for Whose Benefit Property was Seized | Date of Seizure | Description and Value of Property |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None ☒    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property |
|---|---|---|

**6. Assignments and receiverships**

None  ☒   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the
            commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment
            by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
            petition is not filed.)

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement |
|---|---|---|

None  ☒   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year
            immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
            must include information concerning property of either or both spouses whether or not a joint petition is filed,
            unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Custodian | Name and Location of Court Case Title & Number | Date of Order | Description and Value of Property |
|---|---|---|---|

**7. Gifts**

None ☒  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person or Organization | Relationship to Debtor, if any | Date of Gift | Description and Value of Gift |
|---|---|---|---|

```
Gifts & Charities
$432,000 to Cong Heichal Zvi of which approx $250,000 was for a 1,200,000
mortgage by Sharei Tora which obligation was undertaken in approx. 2003 after
the Yeshiva closed down we continued to make mortgage payments.  In addition
payments were being made on a 1 million Dollar mortgage on Franklin Realty to
finance the construction of a new building for Central Cong Yetev Lev. On or
about Sep of '06.

In addition monies were given to the children for support.
```

**8. Losses**

None ☒  List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Description and Value of Property | Description of Circumstances and, if Loss was Covered in Whole or in Part by Insurance, Give Particulars. | Date of Loss |
|---|---|---|
| N/A | | |

**9. Payments related to debt counseling or bankruptcy**

None ☒  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payor if other than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|

**10. Other transfers**

None  ☒  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of
the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of
this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Name and Address of Transferee,                                                          Describe Property Transferred
Relationship to Debtor                                    Date                           and Value Received

None  ☒  b. List all property transferred by the debtor within ten years immediately preceding the commencement of this
case to a self-settled trust or similar device of which the debtor is a beneficiary.

                                                              --                          Amount of Money or Description and Value
Name of Trust or Other Device                     Date(s) of Transfer(s)                  of Property or Debtor's Interest in Property

**11. Closed financial accounts**

None  ☒  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were
closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include
checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts
held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

                                                  Type of Account, Last Four
Name and Address                                  Digits of Account Number,              Amount and Date of
of Institution                                    and Amount of Final Balance            Sale or Closing

**12. Safe deposit boxes**

None ☒    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Name and Address of Bank or Other Depository | Names and Addresses of those with Access to Box or Depository | Description of Contents | Date of Transfer or Surrender, if any |
|---|---|---|---|

**13. Setoffs**

None ☒    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Date of Setoff | Amount of Setoff |
|---|---|---|

**14. Property held for another person**

None ☒    List all property owned by another person that the debtor holds or controls.

| Name and Address of Owner | Description and Value of Property | Location of Property |
|---|---|---|

Property in 84 Lewis Ave Bethleham, New Hamphire

### 15. Prior address of debtor

None ☒    If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises
which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is
filed, report also any separate address of either spouse.

Address                                            Name Used                                    Dates of Occupancy

N/A

--

### 16. Spouses and former spouses

None ☒    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,
California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-
year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
any former spouse who resides or resided with the debtor in the community property state.

Name

N/A

## 17. Environmental information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None    ☒    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| N/A | | | |

None    ☒    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

None    ☒    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| Name and Address of Governmental Unit | Docket Number | Status or Disposition |
|---|---|---|

**18. Nature, location and name of business**

None ☒   a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was a self-employed in a trade, profession, or other activity either full- or part-time within the six-years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this csae.

| Name, Address, Last Four Digits of Soc. Sec. No. Complete EIN or Other Taxpayer I.D. No. | Nature of Business | Beginning and Ending Dates |
|---|---|---|
| Certified Lumber Corp. – 11-2332714 | – present from | 1974 |
| Boro Park Home Center Corp. – 11-2431244 | – present from | 1977 |
| Waterfront Realty II LLC – 11-2595944 | – present from | 1980 |
| Franklin Realty Corp. – 11-2949131 | – present from | 1986 |
| Exclusive Door Co., Inc. – 11-2947981 | – present from | 1988 |
| 54 Eldridge St. Corp. – Single Asset – 11-2883897 | – present from | 1985 |
| 186 Clymer Realty – Single Asset – 11-2993760 | – present from | 1988 |
| Maspeth Properties – Single Asset | – present from | 2004 |
| McCaren Park Mews – Single Asset | – present from | 2005 |

None ☒   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

Name                                                                                         Address

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, directory, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

### 19. Books, records and financial statements

None ☒    a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

Name and Address                                                    Dates Services Rendered

Schwartz & Co. CPA

None ☒    b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of this debtor.

Name and Address                                                    Dates Services Rendered

Schwartz & Co. CPA

None ☒    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

Name and Address

Schwartz & Co. CPA

None ☒    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

Name and Address                                                          Date Issued

The same financial statements were given to various brokers for purpose of refinancing the existing obligations. A copy will be made available upon request.

### 20. Inventories

None  ☒  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

Date of Inventory                    Inventory Supervisor

Amount of Inventory
(Specify cost, market or other basis)

    N/A

None  ☒  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

Date of Inventory                    Name and Address of Custodian of Inventory Records

    N/A

### 21. Current Partners, Officers, Directors and Shareholders

None  ☒  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

Name and Address                    Nature of Interest                    Percentage of Interest

    N/A

None  ☒  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

Name and Address                    Title

Nature and Percentage
of Stock Ownership

    N/A

**22. Former partners, officers, directors and shareholders**

None ☒  a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

Name and Address                                                                                     Date of Withdrawal

     N/A

None ☒  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

Name and Address                                          Title                                      Date of Termination

     N/A

**23. Withdrawals from a partnership or distributions by a corporation**

None ☒  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

Name and Address of Recipient,                                                                       Amount of Money
Relationship to Debtor                             Date and Purpose of Withdrawal                    and Value of Property

     N/A

**24. Tax consolidation group**

None ☒  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of this case.

Name of Parent Corporation                                                   Taxpayer Identification Number

     N/A

**25. Pension funds**

None ☒  If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of this case.

Name of Pension Fund                                                         Taxpayer Identification Number

     N/A

[If completed by an individual or individual and spouse.]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  9/VV/09                          X _____
                                          Signature of Debtor

                                       X _____
Date  _____                     Signature of Joint Debtor

_____

[If completed on behalf of a partnership or corporation]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____                   X _____
                                          Signature of Authorized Individual

                                          _____
                                          Printed Name and Title

## DECLARATION AND SIGNATURE OF BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required under that section; and (4) I will not accept any additional money or other property from the debtor before the filing fee is paid in full.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer       Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person or partner who signs this document.*

_____

Address

X _____                _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.*  11 U.S.C. § 110; 18 U.S.C. § 156.

3

822B (Official Form 22B) (Chapter 11) (01/08)

In re **Isack Rosenberg**
_____
        Debtor

Case Number: _09-46326 (CEC)_____
            (If known)

## CHAPTER 11 STATEMENT OF CURRENT MONTHLY INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 11 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. CALCULATION OF CURRENT MONTHLY INCOME | | | |
|---|---|---|---|
| Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed.<br>☐ a. Unmarried. Complete only Column A ("Debtor's income") for Lines 2-10.a.<br>☐ b.Married, not filing jointly. Complete only Column A ("Debtor's income") for Lines 2-10.<br>☐ c.Married, filing jointly. Complete both Column A ("Debtor's income") and Column B ("Spouse's income") for Lines 2-10. | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must | **Column A**<br>Debtor's income | **Column B**<br>Spouse's income |
| 2 | Gross wages, salary, tips, bonuses, overtime, commissions. | $ 16,250.00 | $ |
| 3 | Net income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. | 0 | $ |
| | a. Gross receipts — $ | | | |
| | b. Ordinary and necessary business expenses — $ | | | |
| | c. Business income — Subtract Line b from Line a. | | | |
| 4 | Net rental and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. | $ 35,866.00 | $ |
| | a. Gross receipts — $ | | | |
| | b. Ordinary and necessary operating expenses — $ | | | |
| | c. Rent and other real property income — Subtract Line b from Line a. | | | |
| 5 | Interest, dividends, and royalties. | $  0 | $ |
| 6 | Pension and retirement income. | $  0 | $ |
| 7 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse if Column B is completed. | $  0 | $ |
| 8 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below.<br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ _____  Spouse $ _____ | $  0 | $ |

—

2

B22B (Official Form 22B) (Chapter 11) (01/08)

| | | | | |
|---|---|---|---|---|
| 9 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | $ 0 | $ |
| | a. | $ | | |
| | b. | $ | | |
| 10 | Subtotal of current monthly income. Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | $ 52,116 | $ |
| 11 | Total current monthly income. If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $ 52,116 | |

### Part II: VERIFICATION

| | |
|---|---|
| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct. (If this a joint case, both debtors must sign.)<br><br>Date: September 22, 2009<br><br>Signature: _____ (Debtor)<br><br>Date: _____<br><br>Signature: _____ (Joint Debtor, if any) |

