LEO FOX, ESQ. (LF-1947)
630 THIRD AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

IN RE:

    ISACK ROSENBERG,

          Debtor.

-----------------------------------------------------------X

Chapter 11
Case No. 09-46326 (CEC)

**APPLICATION SEEKING APPROVAL FOR DEBTOR'S ENTERING INTO A SETTLEMENT AGREEMENT WITH CAPITAL ONE, N.A.**

The above Debtor (the "Debtor"), by its attorney, Leo Fox, as and for its Application (the "Application") for the issuance and entry of an order of this Court approving the Debtor's Entering into a Settlement Agreement with Capital One N.A. ("the Bank") respectfully represents:

## BACKGROUND

1. On July 28, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code, 11 U.S.C. §§ 101, et seq., as amended (the "Bankruptcy Code").

2. In or about February 2009, the Bank commenced a foreclosure action in the State Supreme Court, Kings County (Index No. 4396/09) seeking to foreclose its mortgage loans, in the amount in excess of $45,000,000 upon the Real Property development Project, owned by McCaren Park Mews, LLC ("McCaren") an entity which is 50% owned by the above Debtor and 50% owned by Yitzchok Schwartz ("Schwartz"). The foreclosure action named McCaren the Debtor and Schwartz as well as others. The Debtor, Schwartz and McCaren filed counter-claims in the State action against the Bank.

3. On or about August 27, 2009, the Debtor removed the foreclosure action to the

United States District Court and thereafter to this Court (under Adversary No. 09-01351).

4. In the Bankruptcy Court after removal, an Application was made to this Court by Order to Show Cause dated September 4, 2009 for Injunctive Relief to hold the Bank in contempt for violation of the Automatic Stay and to restrain the Bank from selling its mortgage and related security documents to a third-party pending a final hearing on a Right of First Refusal alleged to be owned by McCaren the Debtor and Schwartz to purchase an Assignment of such mortgage notes and security documents. This Court entered a TRO with respect to the Right of First Refusal and temporarily enjoined the Bank from selling its mortgage notes and security documents without first offering the Debtor a Right of First Refusal of same.

5. By Notice of Motion dated September 11, 2009, the Bank made a Motion for the Appointment of an Operating Chapter 11 Trustee in connection with the above case. That Motion originally scheduled for September 23, 2009 was adjourned to October 26, 2009 and within the past week was rescheduled to October 28, 2009 on Consent of the parties to permit the Bank, and the Debtor McCaren and Schwartz to continue and consummate settlement discussions which commenced on the afternoon of Friday, October 16, 2009.

6. The parties have arrived at a settlement which is memorialized in the Settlement Agreement. The Bank has requested that the Settlement Agreement be kept under seal pursuant to Bankruptcy Rule 9037. A copy of the Settlement Agreement is attached to the courtesy copy of the within Application being submitted to the Court.

7. In sum and substance, the material provisions of the Settlement Agreement provides that the Debtor, Schwartz and McCaren are given a period of sixty (60) days, but not later than December 21, 2009, to exercise the Right of First Refusal to purchase the Bank

mortgage note and related documents at a price set forth in the Settlement Agreement, that thereafter the Bank may freely sell the mortgage note and related documents to any party that the Bank wishes to sell such mortgage note and related documents, that in the event the Right of First Refusal is not timely exercised, and a Certificate of Occupancy is not obtained, the Debtor consents to the Appointment of a Chapter 11 Trustee with certain limitations to the right of such Trustee.

8. The Settlement Agreement therefore will settle the Motion for the Chapter 11 Trustee, and the Motion in the Adversary Proceeding (09-01351) by the Debtor for Injunctive and TRE relief. This Application is being made in the main case and will provide for an Order to be entered in the Adversary Proceeding Docket.

9. This Court may recall that the Debtor had previously advised the Court in its initial filing papers and subsequent papers that the basis for a Chapter 11 Reorganization would be for the Debtor to arrange for the acquisition of the Bank mortgage note and related documents on McCaren, for the McCaren Project which is nearly completed, to be completed and thereafter be used for the purposes of paying off the holder of the mortgage note and related documents with sufficient funds available to satisfy the RCG debt. Accordingly, this first step is critical to the Reorganization of the Debtor.

## THE SETTLEMENT IS IN THE BEST INTERESTS OF THE DEBTOR'S ESTATE AND CREDITORS

10. The Debtor believes that the Settlement is fair and reasonable, is in the best interests of the Debtor's estate and creditors, and should be approved by this Court, because its represents a significant forgiveness of debt to the Debtor.

## BASIS FOR THE RELIEF REQUESTED

11. Rule 9019(a) of the Bankruptcy Procedure governs the approval of compromises and settlements, and provides in pertinent part, as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

12. In approving a compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise or settlement is fair and equitable based on an:

> [educated estimate of the complexity, expense and likely duration of litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425, reh'g denied, 391 U.S. 909 (1968). Accord American Can Co. v. Herpel In re Jackson Brewing Co.), 624 F.2d, 605, 607 (5th Cir. 1980); Chopin Assoc. v. Smith (In re Holywell Corp.), 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988); In re Arrow Air, Inc., 85 B.R. 886, 891 (Bankr. S.D. Fla. 1998); In re Bell & Beckwith, 77 B.R. 606, 611 (Bankr N.D. Ohio), aff'd, 87 B.R. 472 (N.D. Ohio 1987). See also, Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.), 67 B.R. 378, 383 (C.D. Ill. 1996) ("the law favors compromise").

13. In reviewing the proposed settlement, the Court should consider whether the proposed compromise is in the "best interest of the estate". Depo v. Chase Lincoln First Bank,

N.A. (In re Depo), 77 B.R. 381, 383 (N.D.N.Y. 1997) ("Depo"), aff'd, 863, F.2d, 45 (2nd Cir. 1998). Moreover, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion." Arrow Air, Inc., supra, 85 B.R. at 891. However, the Bankruptcy Court "does not substitute its judgment for that of the Trustee." Depo, supra, 77 B.R. at 384.

14. Nor is the Bankruptcy Court "to decide the numerous questions of law and fact raised by [any objectors] but rather to canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness." See Osoff v. Rodman, 699 F.2d 599, 608 (2nd Cir.), cert. denied, 465 U.S. 822 (1983), quoting Newman v. Stein, 464 F.2d 689, 693 (2nd Cir.), cert. denied, 409 U.S. 1039 (1972). Chopin Assoc. v. Smith, supra, 93 B.R. at 194 ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'", quoting In re Teltronics Services, Inc., 762 F.1d 185, 189 (2nd Cir. 1985). Furthermore, in passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the trustee ... the parties and their counsel." In re Bell & Beckwith, supra, 77 B.R. at 611.

15. The factors to be considered by the Court in determining whether to approve a settlement include:

> (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and
>
> (3) all factors bearing on the wisdom of the compromise.

Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425.

16. The Debtor respectfully submits the Settlement Agreement is fair, reasonable, and in the best interest of Debtor's estate, creditors and the completion of the Project. The Debtor is being given a Right of First Refusal, which is the relief sought in the Debtor's Application by Order to Show Cause. The Debtor believes that the price of the Right of First Refusal described in the Settlement Agreement is an amount which will enable the successful completion of the McCaren Development Project.

17. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order approving the Settlement Agreement annexed hereto, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      October 23, 2009

Yours, etc.

/s Leo Fox
Leo Fox, Esq. (LF-1947)
Attorney for Debtor
630 Third Avenue
New York, NY 10017
(212) 867-9595

To: Attached Service List

LEO FOX, ESQ. (LF-1947)
630 THIRD AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IN RE:

    ISACK ROSENBERG,

          Debtor.

------------------------------------------------------------X

Chapter 11
Case No. 09-46326 (CEC)

**ORDER TO SHOW CAUSE SCHEDULING HEARING ON SETTLEMENT**

Upon the annexed Application of the above Debtor dated October 23, 2009, by Leo Fox, its attorney, for authority to enter into the Settlement Agreement with Capital One, N.A. ("the Bank") which is annexed to the Application to the Court and upon the request for the Settlement Agreement to be kept under seal, and it appearing that this Court should approve the Settlement Agreement, it is

ORDERED, that the parties show cause before the Honorable Carla E. Craig, Chief Judge, United States Bankruptcy Judge on the ____ day of October, 2009 at ____ O'clock in the forenoon of that day, or as soon thereafter as counsel may be hear, in Room ____, United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201 why an Order should not be made authorizing the Debtor's entry into the Settlement Agreement pursuant to Rule 9019 of the Rules of Bankruptcy Procedure and to keeping the Settlement Agreement under seal, pursuant to Rule 9028 of the Bankruptcy Rules, and it is further

ORDERED, that objections if any, to the Debtor's Application shall be in writing, filed with the Clerk of the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201 with a courtesy copy delivery to Chambers of the Honorable Carla E. Craig, Chief Judge, United States Bankruptcy Court and served upon Leo Fox, Esq., attorney for the above

Debtor, at his office at 630 Third Avenue, New York, New York 10017, so that such objections are received not later than _____ o'clock noon on _____, and it is further

ORDERED, that service October ____, 2009 by fax and email of this Order and Application upon each person listed on the attached service list and by regular mail upon the twenty (20) largest unsecured creditors of the Debtor shall be good and sufficient notice of the within Hearing.

Dated: Brooklyn, New York
       October ___, 2009

                                      HONORABLE CARLA E. CRAIG, CHIEF JUDGE
                                      UNITED STATES BANKRUPTCY COURT

# SERVICE LIST

William E. Curtin, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
Eastern District of New York
271 Cadman Plaza East, Suite 4529
Brooklyn, NY 11201
Tel: (718) 422-4960
Fax: (718) 422-4990

Daniel J. Flanigan
POLSINELLI SHUGHART, PC
700 W. 47th Street, Suite 1000
Kansas City, MO 64112
Tel: (212) 684-0199
Fax: (212) 684-0197

Joseph C. Savino
LAZER, APTHEKER, ROSELLA & YEDID, P.C.
Melville Law Center
225 Old Country Road
Melville, NY 11747
Tel: (631) 761-0855
Fax: (631) 761-0014

Attorneys for SunTrust Mortgage, Inc.
100 Garden City Plaza
Garden City, New York 11530
Attention: Bruce D. Mael, Esq.
Tel: (516) 222-6200
Fax: (516) 222-6209

Edward E. Neiger, Esq.
NEIGER L.L.P.
111 John Street, Suite 800
New York, New York 10038
Tel: (212) 267-7342
Fax: (212) 406 3677

George R. Hirsch, Esq.
SILLS CUMMINS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10122
Tel: (212) 643-7000
Fax: (212) 643-6500

Wayne Greeenwald, P.C.
99 Park Avenue-Suite 800
New York, New York 10016
Fax: (212) 983-1965