Leo Fox
630 Third Avenue
New York, NY 10017-6705

Hearing Date: November 12, 2009
Time: 3:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:

ISACK ROSENBERG,

Case No.: 09-46326-cec
Chapter 11

Debtor,
------------------------------------------------------------X

## NOTICE OF MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO ENTER INTO SETTLEMENT AGREEMENT

PLEASE TAKE NOTICE that Isack Rosenberg ("Debtor"), by and through its attorney, Leo Fox, Esq., shall move before the Hon. Carla E. Craig, Chief United States Bankruptcy Judge, Eastern District of New York, for the entry of an order pursuant to Fed. R. Bankr. P. 9019 authorizing Debtor to enter into a settlement agreement with Capital One, N.A. ("Capital One") on November 12, 2009 at 3p.m. or soon thereafter as counsel may be heard, at Courtroom 3529 in the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, NY 11201.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief sought in the application must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as modified as any administrative orders entered in this case and be filed with the Bankruptcy Court electronically in accordance with General Order No. 462, by registered users of the Bankruptcy case court filing system and, by all other parties in interest, on a 3.5" disk, preferably in portable document format

(PDF), WordPerfect, Microsoft Word, DOS Text (ASCII) or a scanning image of the filing, with a hard copy delivered directly to chambers and served in accordance with General Order No. 462 and upon Leo Fox, Esq., 630 Third Avenue, New York, NY and the Office of the United States Trustee, so as to be received no later than 5 p.m. on November 9, 2009.

PLEASE TAKE FURTHER NOTICE that only those objections that have been timely filed may be considered by the Court.

Dated: New York, New York
      October 26, 2009

By: ___s/_____
    LEO FOX, Esq. (LF-1947)
    Attorney for Debtor
    630 Third Avenue
    New York, NY 10017-6705
    (212) 867-9595

LEO FOX, ESQ. (LF-1947)
630 THIRD AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Chapter 11
Case No. 09-46326 (CEC)

------------------------------------------------------------X

IN RE:

    ISACK ROSENBERG,

        Debtor.

------------------------------------------------------------X

APPLICATION SEEKING APPROVAL FOR DEBTOR'S ENTERING INTO A SETTLEMENT AGREEMENT WITH CAPITAL ONE, N.A.

The above Debtor (the "Debtor"), by its attorney, Leo Fox, as and for its Application (the "Application") for the issuance and entry of an order of this Court approving the Debtor's Entering into a Settlement Agreement with Capital One N.A. ("the Bank") respectfully represents:

## BACKGROUND

1. On July 28, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code, 11 U.S.C. §§ 101, et seq., as amended (the "Bankruptcy Code").

2. In or about February 2009, the Bank commenced a foreclosure action in the State Supreme Court, Kings County (Index No. 4396/09) seeking to foreclose its mortgage loans, in the amount in excess of $45,000,000 upon the Real Property development Project, owned by McCaren Park Mews, LLC ("McCaren") an entity which is 50% owned by the above Debtor and 50% owned by Yitzchok Schwartz ("Schwartz"). The foreclosure action named McCaren the Debtor and Schwartz as well as others. The Debtor, Schwartz and McCaren filed counter-claims in the State action against the Bank.

3. On or about August 27, 2009, the Debtor removed the foreclosure action to the

United States District Court and thereafter to this Court (under Adversary No. 09-01351).

4. In the Bankruptcy Court after removal, an Application was made to this Court by Order to Show Cause dated September 4, 2009 for Injunctive Relief to hold the Bank in contempt for violation of the Automatic Stay and to restrain the Bank from selling its mortgage and related security documents to a third-party pending a final hearing on a Right of First Refusal alleged to be owned by McCaren the Debtor and Schwartz to purchase an Assignment of such mortgage notes and security documents. This Court entered a TRO with respect to the Right of First Refusal and temporarily enjoined the Bank from selling its mortgage notes and security documents without first offering the Debtor a Right of First Refusal of same.

5. By Notice of Motion dated September 11, 2009, the Bank made a Motion for the Appointment of an Operating Chapter 11 Trustee in connection with the above case. That Motion originally scheduled for September 23, 2009 was adjourned to October 26, 2009 and within the past week was rescheduled to October 28, 2009 on Consent of the parties to permit the Bank, and the Debtor McCaren and Schwartz to continue and consummate settlement discussions which commenced on the afternoon of Friday, October 16, 2009.

6. The parties have arrived at a settlement which is memorialized in the Settlement Agreement. The Bank has requested that the Settlement Agreement be kept under seal pursuant to Bankruptcy Rule 9037. A copy of the Settlement Agreement is attached to the courtesy copy of the within Application being submitted to the Court.

7. In sum and substance, the material provisions of the Settlement Agreement provides that the Debtor, Schwartz and McCaren are given a period of sixty (60) days, but not later than December 21, 2009, to exercise the Right of First Refusal to purchase the Bank

2

mortgage note and related documents at a price set forth in the Settlement Agreement, that thereafter the Bank may freely sell the mortgage note and related documents to any party that the Bank wishes to sell such mortgage note and related documents, that in the event the Right of First Refusal is not timely exercised, and a Certificate of Occupancy is not obtained, the Debtor consents to the Appointment of a Chapter 11 Trustee with certain limitations to the right of such Trustee.

8. The Settlement Agreement therefore will settle the Motion for the Chapter 11 Trustee, and the Motion in the Adversary Proceeding (09-01351) by the Debtor for Injunctive and TRE relief. This Application is being made in the main case and will provide for an Order to be entered in the Adversary Proceeding Docket.

9. This Court may recall that the Debtor had previously advised the Court in its initial filing papers and subsequent papers that the basis for a Chapter 11 Reorganization would be for the Debtor to arrange for the acquisition of the Bank mortgage note and related documents on McCaren, for the McCaren Project which is nearly completed, to be completed and thereafter be used for the purposes of paying off the holder of the mortgage note and related documents with sufficient funds available to satisfy the RCG debt. Accordingly, this first step is critical to the Reorganization of the Debtor.

## THE SETTLEMENT IS IN THE BEST INTERESTS OF THE DEBTOR'S ESTATE AND CREDITORS

10. The Debtor believes that the Settlement is fair and reasonable, is in the best interests of the Debtor's estate and creditors, and should be approved by this Court, because its represents a significant forgiveness of debt to the Debtor.

## BASIS FOR THE RELIEF REQUESTED

11. Rule 9019(a) of the Bankruptcy Procedure governs the approval of compromises and settlements, and provides in pertinent part, as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

12. In approving a compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise or settlement is fair and equitable based on an:

> [educated estimate of the complexity, expense and likely duration of litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425, reh'g denied, 391 U.S. 909 (1968). Accord American Can Co. v. Herpel In re Jackson Brewing Co.), 624 F.2d, 605, 607 (5th Cir. 1980); Chopin Assoc. v. Smith (In re Holywell Corp.), 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988); In re Arrow Air, Inc., 85 B.R. 886, 891 (Bankr. S.D. Fla. 1998); In re Bell & Beckwith, 77 B.R. 606, 611 (Bankr N.D. Ohio), aff'd, 87 B.R. 472 (N.D. Ohio 1987). See also, Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.), 67 B.R. 378, 383 (C.D. Ill. 1996) ("the law favors compromise").

13. In reviewing the proposed settlement, the Court should consider whether the proposed compromise is in the "best interest of the estate". Depo v. Chase Lincoln First Bank,

4

N.A. (In re Depo), 77 B.R. 381, 383 (N.D.N.Y. 1997) ("Depo"), aff'd, 863, F.2d, 45 (2nd Cir. 1998). Moreover, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion." Arrow Air, Inc., supra, 85 B.R. at 891. However, the Bankruptcy Court "does not substitute its judgment for that of the Trustee." Depo, supra, 77 B.R. at 384.

14. Nor is the Bankruptcy Court "to decide the numerous questions of law and fact raised by [any objectors] but rather to canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness." See Osoff v. Rodman, 699 F.2d 599, 608 (2nd Cir.), cert. denied, 465 U.S. 822 (1983), quoting Newman v. Stein, 464 F.2d 689, 693 (2nd Cir.), cert. denied, 409 U.S. 1039 (1972). Chopin Assoc. v. Smith, supra, 93 B.R. at 194 ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'", quoting In re Teltronics Services, Inc., 762 F.1d 185, 189 (2nd Cir. 1985). Furthermore, in passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the trustee ... the parties and their counsel." In re Bell & Beckwith, supra, 77 B.R. at 611.

15. The factors to be considered by the Court in determining whether to approve a settlement include:

> (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and
>
> (3) all factors bearing on the wisdom of the compromise.

Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425.

5

16. The Debtor respectfully submits the Settlement Agreement is fair, reasonable, and in the best interest of Debtor's estate, creditors and the completion of the Project. The Debtor is being given a Right of First Refusal, which is the relief sought in the Debtor's Application by Order to Show Cause. The Debtor believes that the price of the Right of First Refusal described in the Settlement Agreement is an amount which will enable the successful completion of the McCaren Development Project.

17. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order approving the Settlement Agreement annexed hereto, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 23, 2009

Yours, etc.

/s Leo Fox
Leo Fox, Esq. (LF-1947)
Attorney for Debtor
630 Third Avenue
New York, NY 10017
(212) 867-9595

To: Attached Service List

# LEO FOX
*ATTORNEY-AT-LAW*

630 Third Avenue, New York, New York 10017
(212) 867-9595      Fax (212) 949-1857

October 26, 2009

To All Creditors

    Re:    **Isack Rosenberg**
             **Index No. 09-46326 (CEC)**

    Enclosed you will find a motion by the Above Debtor for Court Approval to enter into a Settlement Agreement with Capital One N.A., scheduled to be heard on November 12, 2009 at 3:00 p.m.,and a Motion to file the Settlement Agreement under Seal, scheduled to be heard on November 3, 2009 at 2:00 p.m At a Preliminary Hearing held by the Court on October 26, 2009, the Court approved this procedure

    . The Motion to settle sets forth certain information regarding the terms of the settlement but does not disclose, and keeps confidential, the amounts and terms which the Debtor, Isaac Schwartz and McCaren Park Mews will be required to pay if they wish to exercise a right of first refusal and purchase the mortgage documents from Capital One. The Court directed that the Court might rule, at the hearings on November 3, 2009 that creditors and parties might be entitled to receive additional information regarding the terms of the Settlement Agreement, and that the Debtor would be required to provide this additional information.

    Any parties or creditors seeking additional information regarding the Motions may contact the undersigned. Any party-in-interest or creditor, who is prepared to sign a statement that such party or creditor will abide by the attached confidentiality provisions which are set out in the Settlement Agreement Agreement may receive a copy of the Settlement Agreement.

.

Very truly yours,

LEO FOX

LF:ap

C:\Data\@Clients\ISACK\CreditorsMotionSeal.wpd

6.    MCCAREN and the GUARANTORS shall not, without the consent of CAPITAL ONE, or as otherwise required by law, divulge to any person or entity any such information concerning the nature of the claims in the foreclosure or bankruptcy proceedings or the settlement thereof. MCCAREN and the GUARANTORS recognize that the divulgence of any such information could result in irreparable harm to CAPITAL

9

ONE and agrees that this paragraph is enforceable in equity and that the seeking of such relief shall not preclude CAPITAL ONE the granting of other available remedies. This provision shall be construed as an agreement independent of any other provision of this Agreement and no claim under this Agreement or otherwise shall constitute a defense to the enforcement of this provision. The parties are permitted to divulge any and all information which the parties deem necessary or appropriate to any perspective sale, refinance or reorganization of the subject Premises. The parties agree that, not only are they bound by this provision, but all of their respective employees, officers, agents, attorneys, affiliates, lenders, insurers and those parties to which information is divulged as having been deemed necessary or appropriate to any prospective sale, refinance or reorganization of the subject Premises, are also bound by this provision.